UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte DIVISION
DOCKET NO. 3:15-cv-00612-GCM

| | |
|---|---|
| SHALONDA EVANS-JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 7) and the Commissioner's Motion for Summary Judgment (Doc. No. 8). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits as well as supplemental security income on March 14, 2012, alleging a disability onset date of May 13, 2011. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. On October 21, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Defendant's final administrative decision on Plaintiff's applications. Thereafter, Plaintiff timely filed this action.

1

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## III. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth step of the sequential evaluation process.

### C. The Administrative Decision

In rendering the decision, the ALJ applied the five-step sequential evaluation process for evaluating disability claims set forth in the regulations. The ALJ found at step one of the sequential evaluation that Plaintiff had not engaged in substantial gainful activity after he alleged onset date (Tr. 36), and at step two that Plaintiff had the following severe, medically determinable impairments: headaches (with differential diagnoses including migraines without aura, hemicrania continua, occipital neuralgia, idiopathic intracranial hypertension, and sleep apnea headache), obesity, and hypertension (Tr. 36). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 38-40).

Next, the ALJ determined that Plaintiff had the residual functionary capacity (RFC) to perform light work without hazards such as dangerous machinery, unprotected heights, or

3

concentrated exposure to noise, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr.40-46).  In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p.  (Tr. 40) While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 42).

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a loan servicer, administrative clerk, or accounting clerk. (Tr. 46). Thus, the ALJ decided that Plaintiff was not disabled within the meaning of the Act. (Tr. 47).

**D.     Discussion**

Plaintiff has made the following assignments of error: (1) whether the ALJ erred in ruling that Plaintiff's panic disorder without agoraphobia, bipolar disorder, and major depressive disorder for which she has been treated with Cymbalta, Klonopin, Zoloft, Wellbutrin, and/or Lithium since September 2013 are non-severe impairments; (2) whether the ALJ erred in failing to acknowledge or consider supplementary evidence submitted in a timely matter; (3) whether the ALJ erred in failing to follow the requirements of 20 C.F.R. § 404.1527 and SSRs 85-15 and 96-2p and give proper weight to the assessments from Plaintiff's treating psychiatrists, neurologist, and primary care provider; and (4) whether the ALJ erred in failing to consider the combined impact of severe and non-severe impairments on Plaintiff's ability to do substantial gainful work activities.

### 1. The ALJ Properly Found Plaintiff Did Not Have A Severe Mental Impairment

The Plaintiff's first argument is that the ALJ erred by ruling that Plaintiff's panic disorder without agoraphobia, bipolar disorder, and major depressive disorder are non-severe impairments even though Plaintiff has been receiving regular mental health treatment.

In support of its argument for remand, Plaintiff cites to a Fourth Circuit case that remanded the case back to the ALJ where the ALJ did not consider all relevant evidence and explicitly state the weight it had allocated to this evidence. (Pl. Brf. 8 (citing *Gordon v. Schweiker*, 725 F.2d (4th Cir. 1984))). However, this is not the case here. The ALJ did consider all relevant evidence of the Plaintiff's alleged psychological impairments, but gave the evidence of mental health issues little weight because it "is incredibly thin, with essentially no treatment or evaluation until shortly before the hearings scheduled in this case," which is "especially so with regard to a new diagnosis of bi polar disorder." (Tr. 37). The ALJ cited all of the medical records referenced in the Plaintiff's brief in making her determination to not categorize the alleged psychological impairments as severe.

So, the only remaining question is whether there is substantial evidence to support the ALJ's conclusion. The Court finds that the ALJ fully considered the evidence and there is substantial evidence to support the ALJ's conclusion that Plaintiff does not have a severe mental impairment.

An impairment is not severe if it does not significantly limit a claimant's mental or physical ability to do basic work activities such as the basic work-related mental activities of understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921.

The ALJ did "not credit[] the assessments of the . . . psychiatrists, each of whom had a very brief examining relationship with the claimant" because of a lack of objective mental health evidence. In addition, the ALJ noted that Plaintiff "appeared very articulate at the hearing, without any apparent deficits in social interaction, concentration, persistence, or pace" (Tr. 38). An ALJ's observations of a claimant is relevant evidence and entitled to weight. *See Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984); *Money v. Astrue*, No. 5:09CV42-RLV-DSC, 2009 WL 7449241, at *6 (W.D.N.C. Dec. 9, 2009) *affirmed*, No. 5:09-CV-42, 2011 WL 666729 (W.D.N.C. Feb. 14, 2011); *see also* SSR 96-7p, 1996 WL 374186, at *8 (an ALJ "should consider any personal observations in the overall evaluation of the credibility of the individual's statements"). After making these determinations, the ALJ found that there was no evidence that "the claimant had lost any cognitive functioning or focus." (Tr. 38).

While Plaintiff had various mental impairment diagnoses (*See e.g.,* Tr. 651, 743, 748), the diagnosis of a condition is not enough to prove disability; "[t]here must be a showing of related functional loss." *Gross* v. *Heckler,* 785 F.2d 1163, 1166 (4th Cir. 1986); *Higgs* v. *Bowen,* 880 F.2d 860,863 (6th Cir. 1988) (explaining "[t]he mere diagnosis ... says nothing about the severity of the condition") (*See* Tr. 44). Rather, the impairment must be accompanied by functional limitations which render the claimant unable to work. *See Hays v. Sullivan*, 907 F.2d at 1458; *Gross v. Heckler*, 785 F.2d at 1166.

The record supports the ALJ's determination that Plaintiff did not have symptoms from a mental impairment that impeded her mental functioning. A Beck depression inventory indicated, that Plaintiff had depression at the time of the testing, however, it was also noted that she had normal memory, attention, and concentration (Tr. 651). Dr. Edwards-Loidl, a psychiatrist who treated Plaintiff, found that Plaintiff's cognition was grossly intact (Tr. 743). Dr. Soong Lee

6

observed that Plaintiff's speech was coherent and relevant, her thought processes were well organized, her affect was appropriate, and she was alert and oriented (Tr. 748, 788). At a March 17, 2014 visit, Dr. Lee reported that Plaintiff's attention and concentration were poor (Tr. 788), however, this was the only such observation in the record. Dr. Yeomans reported that Plaintiff's concentration was fair (Tr. 727), and the Carolina Headache Institute observed that Plaintiff had normal attention and concentration (Tr. 651).

The ALJ stated that she did not credit the Global Assessment of Functioning (GAF) scores in the record (Tr. 37-38). As the ALJ explained, a GAF score is only a snapshot opinion about a level of functioning and does not provide a reliable longitudinal picture of mental functioning for a disability analysis (Tr. 37, n. 1). The ALJ also noted that by itself a GAF score cannot be used to raise or lower someone's level of function and that unless the clinician clearly explains the reasons behind a GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of the claimant's mental functioning for disability analysis (*Id.*). This Court has agreed that a GAF score is not dispositive and has no direct legal or medical correlation to the severity requirements of the Social Security regulations. *See, e.g.*, *Carringer v. Colvin*, No. 2:13–CV–00027–MOC, 2014 WL 1281122, at *9 (W.D.N.C. Mar. 27, 2014); *Pope v. Colvin*, No. 2:13–CV–00008–FDW, 2014 WL 944609, at *3 (W.D.N.C. Mar. 11, 2014)).

**2. Oversight Of Plaintiff's Additional Evidence Was Harmless Error**

At the video hearing conducted on April 4, 2014, request was made by Plaintiff's counsel and granted by the ALJ to submit additional information post-hearing to include a copy of the plaintiff's headache log documenting the frequency of her headaches along with the results of an MRI scan conducted on April 2, 2014. (Tr. 396-405, 815-818). It appears that Counsel faxed the supplemental information April 7, 2014 and April 25, 2014. (Tr. 396, 815). The ALJ stated that

no additional records were received, despite holding the record open after the administrative hearing for submission of additional records. (Tr. 34).

The Court acknowledges that the ALJ erred in failing to take into consideration the two additional records submitted by Plaintiff in April 2014. This error by the ALJ, however, is insufficient to require remand.

Plaintiff's additional evidence was considered in the Appeals Council's determination (Tr. 1-5). When Plaintiff filed her request for review of the ALJ decision, Plaintiff wrote to the Appeal Council that the additional evidence had not been considered (Tr. 23-24). In response, the Appeals Council made the additional evidence part of the record (Exhibits 16E and 30F), considered it, and determined that it did not provide a basis for changing the ALJ's decision (Tr. 1-5).

Plaintiff's additional evidence consisted of an April 2, 2014 MRI report (Tr. 816) and headache logs. (Tr. 396-404). The April 2, 2014 MRI report noted that there were no changes from an MRI that was performed in October 2012. (Tr. 816). The ALJ considered the October 2012 MRI, including the finding of a pituitary adenoma. (Tr. 43). Thus, the April 2014 MRI report provided no new information and does not provide a basis for changing the ALJ's decision. (Tr. 2). Plaintiff also submitted records that are purportedly contemporaneous headache logs. (Tr. 104, 396-404). However, Plaintiff's allegations regarding headaches were considered throughout the ALJ's decision. Thus, the headache logs are also not new information, and do not provide a basis for changing the ALJ's decision.

Accordingly, any such error was harmless and not cause for remand because "remand would not lead to a different result." *Smith v. Colvin*, 2014 WL 1203282, at *7 (W.D.N.C. Mar. 24, 2014); *see, Clore v. Colvin,* 2014 WL 294640 at *4 (W.D.N.C. Jan. 27 2014); *Camp v.*

*Massanari*, 22 Fed. Appx. 311, 2001 WL 1658913, at *1 (4th Cir. 2001) (explaining that absent a showing of prejudice, "any error on the part of the ALJ [is] harmless"), *citing Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (requiring a showing that the error's correction might lead to a different conclusion).

### 3. The ALJ Properly Considered The Opinions From Dr. Dodds and Dr. Obeng

Plaintiff argues that the ALJ "went beyond her judicial authority" and attempted to exercise medical expertise when she gave little weight to the opinions from Dr. Jodi Dodds and Dr. Francis Obeng. (Pl.'s Mem. 11-15) (*See* Tr. 791, 597, 598, 751). However, the ALJ properly evaluated the doctors' opinions in accordance with the regulations.

A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. *Thompson v. Astrue*, 442 F. App'x 804, 808, 2011 WL 3489671, at *3 (4th Cir. Aug. 10, 2011) (citing 20 C.F.R. § 404.1527; *Mastro*, 270 F.3d at 178). However, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). An ALJ "holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). When a treating physician's opinion is not given controlling weight, the agency is to provide good reasons for the weight given to the opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The regulations list six factors to consider: (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors (such as the physician's level of understanding of the agency's disability programs). 20 C.F.R. §§ 404.1527(c), 416.927(c).

9

In this case, the ALJ declined to give great or controlling weight to the opinions of treating physicians Dr. Dodds and Dr. Obeng (Tr. 44-46). In so doing, the ALJ correctly applied the standard above and explained her consideration of the opinions (*Id.*). In assigning little weight to Dr. Dodds's and Dr. Obeng's opinions, the ALJ first recognized that Dr. Obeng was Plaintiff's primary care physician and Dr. Dodds was a treating neurologist (Tr. 44). The ALJ noted, however, that the doctors' opinions were brief conclusory statements of disability, without mention of specific function-by-function work related limitations (Tr. 44-45). The issue of whether a claimant is disabled, is not a medical opinion as defined in the regulations, but instead is an issue reserved to the Commissioner and is not entitled to any special significance because the Commissioner is responsible for making the determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. §§ 404.1527(d), 416.927(d).

The ALJ further explained that the opinions from Dr. Dodds and Dr. Obeng were at odds with their physical evaluations of Plaintiff, which were largely within normal limits, and the generally normal objective findings throughout the record (Tr. 44-45). The ALJ noted that CT scans of Plaintiff's brain were normal (Tr. 43, 714), a CT pulmonary angiogram was normal (Tr. 43, 413), and a neurological ophthalmologic examination was normal (Tr. 43, 775). When Plaintiff complained of a syncopal episode – all lab work including urinalysis, complete blood count, general chemistry, thyroid, thyroid stimulating hormone, and cardiac profile was normal (Tr. 43, 717).

As this court has explained, "'[a]n ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion.'" *McDowell v. Astrue*, 2012 WL 4499336, *3 (W.D.N.C. Aug. 2, 2012)

(*quoting Christian v. Apfel*, 168 F.3d 481 (Table), 1998 WL 911720, at *2 (4th Cir. Dec. 31, 1998) (unpublished)). Here, the ALJ did not "dredge up specious inconsistencies," and provided good reasons for assigning little weight to the psychiatrists' opinions. Accordingly, the ALJ's determination in this regard will not be disturbed.

### 4. The ALJ Considered Plaintiff's Impairments In Combination

Finally, Plaintiff claims that the ALJ erred in failing to consider the impact of both severe and non-severe impairments on the ability of work. (Pl.'s Mem. 15-16). The Plaintiff in its argument cites to SSR 96-8 which states that a non-severe impairment may "when considered with limitations or restrictions due to other impairments – be critical to the outcome of the claim."

However, the Court finds that the ALJ's decision reveals Plaintiff's impairments were considered cumulatively through the evaluation process. The ALJ states that in evaluating the Plaintiff, she recognized a severe impairment to be an "impairment *or combination of impairments* which significantly limit the ability to do basic work activities." (Tr. 36 (citation omitted)). Similarly, in finding that the claimant does not meet or equal a listing, the ALJ found that Plaintiff did not have "an impairment or *combination of impairments*" that meets or equals the severity of a listed impairment (Tr. 38). In addition, in the ALJ's determination concerning Plaintiff's RFC, the ALJ stated that she considered the entire record and *all symptoms* (Tr. 40). These statements have been considered sufficient evidence that the ALJ considered Plaintiff's severe and non-severe impairments in reaching her result, and the Court finds that the ALJ did consider severe and non-severe impairments here. *See*, *e.g.*, Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1500 (10th Cir. 1992); Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's motion and brief, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales,* 402 U.S. 389 (1971). Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Id.* at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 7) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: January 31, 2017

Graham C. Mullen
United States District Judge